Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JUDGE COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5639 | **DATE** | 10/16/2001 |
| **CASE TITLE** | Mary C. Krebs vs. Carl W. Jacobs, Sam Jacobs, Doris Jacobs, William Fields, and William Parkhurst | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's pro se complaint alleging a fraudulent interstate marriage and the mishandling of her case in Kane County

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ■ This case is dismissed with prejudice

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Plaintiff's pro se complaint is dismissed without notice for lack of federal jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff's application to proceed in forma pauperis [3] is granted. Plaintiff's motion for appointment of counsel [4] is denied as moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 2 3 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 OCT 23 AM 9:07 | | |
| klb (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY C. KREBS, )
)
        Plaintiff, )
)
) No. 01 C 5639
v. )
) HONORABLE DAVID H. COAR
CARL W. JACOBS, SAM JACOBS, DORIS )
JACOBS, WILLIAM FIELDS, AND )
WILLIAM PARKHURST )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

DOCKETED
OCT 2 3 2001

Before this court is Plaintiff, Marcy C. Kreb's pro se complaint alleging a fraudulent interstate marriage and the mishandling of her case in Kane County. For the reasons set forth below, this case is dismissed without notice for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

I. Standard

A district court possesses only the jurisdiction conferred to it by Congress. South Carolina v. Katzenbach, 383 U.S. 301, 86 S. Ct. 803, 15 L. Ed. 2d 769 (1966). Thus, a district court must determine whether it possesses subject matter jurisdiction before it proceeds to the merits of the case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir.) ("It is axiomatic that federal courts are courts of limited jurisdiction, and as such are under a continuing duty to satisfy themselves of their subject matter jurisdiction before proceeding to the merits of any case."), cert denied sub nom., Upp v. Mellon Bank, N.A., 510 U.S. 964, 126 L. Ed. 2d 373, 114 S. Ct. 440 (1993).

-1-

In Rooker v. Fidelity Trust Co., 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923), the Supreme Court held that federal district courts lack jurisdiction to "entertain a proceeding to reverse or modify" a state court judgment. Id. at 416. It is settled that except in rare instances not applicable here, only the United States Supreme Court has the subject matter jurisdiction to review the judgments of state supreme courts. 28 U.S.C. § 1257; see Rooker, 263 U.S. at 416. The Supreme Court subsequently held that a district court has "no authority to review final judgments of a state court in judicial proceedings." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983).

The Court has indicated that the Rooker-Feldman doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court ..." Johnson v. De Grandy, 512 U.S. 997, 1005-06, 129 L. Ed. 2d 775, 114 S. Ct. 2647 (1994). The two-part test of the Rooker-Feldman doctrine involves (1) whether the proceedings in state court were judicial proceedings; and (2) whether the federal claims are so "inextricably intertwined" with those proceedings so as to make review of the claims an impermissible review of state judicial proceedings. Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 597 (7th Cir. 1992), cert. denied, 508 U.S. 941, 124 L. Ed. 2d 639, 113 S. Ct. 2417 (1993).

## II. Discussion

Plaintiff, Mary C. Krebs has filed a pro se complaint naming several defendants in the caption. In the body of the complaint she refers to only one of the named defendants, Carl W. Jacobs, who she claims was negligent and caused her to suffer damages in the amount of $250,000. Attached to the complaint are numerous documents which Plaintiff apparently

believes substantiates her claim. It appears that Plaintiff believes that a fraudulent marriage certificate evidencing a marriage between Carl Jacobs and Mary Krebs led to a divorce proceeding, a custody award, visitation order, various reports and court orders. Without going into the content of those documents, it is clear that these matters have been litigated extensively in the Circuit Court of Kane County Illinois. Unhappy with the results there, Plaintiff attempts to revisit them in this Court. Under the Rooker-Feldman doctrine this is not appropriate. Plaintiff's remedy, if any, is with the state appellate courts.

## Conclusion

For the foregoing reasons, Plaintiff's pro se complaint is dismissed without notice for lack of federal jurisdiction and failure to state a claim upon which relief may be granted.

Enter:

/s/ David H. Coar

David H. Coar
United States District Judge

Dated: OCT 16 2001